[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Huntington, Connecticut on November 13, 1983. Both had been married before. The defendant had two children by her first marriage. This marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
The plaintiff claimed that on 1989 the defendant started going out at night and staying out until quite late. He said that first the defendant stayed out one night a week and then gradually would go to two, three or four nights out a week. The parties argued about this but the defendant claimed she was seeing her girl friends from the office where she worked. Eventually, the plaintiff said that she had to stop this practice and he threatened he would leave if she did not stop. She did not and he left after the Christmas Holidays in 1989.
The defendant claimed that the plaintiff became an alcoholic after about 8 years in the marriage, that he drank a lot almost every day at the Country Club where he played golf or at home, that he was abusive, belittled her and caused her to feel humiliated, that she had anxiety attacks and suffered from stress, that she went to ALANON, that she tried to get the plaintiff to have some counselling, but that he refused, that she tried to keep the marriage together but could not, that he always threatened to leave her, and that they never did anything together but go out to dinner.
In the early part of the marriage things were much smoother in their relationship. The plaintiff gave the defendant during this time gifts of jewelry and a fur coat. He also took her on vacations to Florida and Puerto Rico. CT Page 6578
The plaintiff denied he drank excessively but that apparently was the problem in the latter part of the marriage as related by the defendant.
The court finds that the plaintiff's actions were the cause of the breakdown of the marriage and that the defendant did not contribute to that cause in any way. Both properties the parties originally held were sold and the monies received were invested in the condominium at 23 Meetinghouse Lane in Shelton where they lived and which was put in both their names.
The plaintiff's interest in said condominium shall be quitclaimed to the defendant subject to the first mortgage only. This property had a first mortgage on it of $81,000 plus a second mortgage of $50,000. Those amounts left an equity in the property which the plaintiff estimated had a value of $19,000 to each party and which the defendant estimated had a value of $13,000 to each party.
The second mortgage was taken out to pay for moving to a different location the store in the Ansonia Mall where the plaintiff had a pet store and where the grooming of animals in the store was done. The defendant signed the note of the second mortgage. The plaintiff shall pay off this second mortgage within the coming two years from the date of this Memorandum of Decision. The parties each have an IRA. These securities shall be sold by both parties and the proceeds shall be used to reduce the outstanding amount of the second mortgage. Until the second mortgage is paid off, the plaintiff shall be responsible for and pay off any and all charges arising out of the outstanding amount on the second mortgage.
The plaintiff shall pay alimony to the defendant in the amount of $1 a year for 10 years.
Whatever interest the plaintiff has in the stocks listed in the defendant's Financial Affidavit shall be transferred to the defendant immediately; free and clear of all claims of the plaintiff.
The plaintiff shall keep, free and clear of all claims of the defendant, his pet store business, including its inventory, customers lists and receivables.
The plaintiff shall indemnify and hold the defendant harmless from all and any claims of the IRS for any obligations due to the Internal Revenue Service caused by the under-reporting of income or improper deduction of any items listed in the plaintiff's business. CT Page 6579
Each party shall pay the fees of their own counsel.
Each party shall be responsible for and pay the bills listed in their respective Financial Affidavits and shall indemnify and hold the other harmless from the same.
THOMAS J. O'SULLIVAN, TRIAL REFEREE